1 | LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
2 | **DISABLED ADVOCACY GROUP, APLC**
3 | 12 Williamsburg Lane
Chico, CA 95926
4 | Telephone: (530) 895-3252
Facsimile: (530) 894-8244
5 |
6 | Attorneys for Plaintiff
7 |
8 |
9 | UNITED STATES DISTRICT COURT
10 | SOUTHERN DISTRICT OF CALIFORNIA
11 |
12 |
13 | Barbara Hubbard,
14 |     Plaintiff,
15 |     vs.
16 |
17 | Northgate Gonzalez, LLC dba
Northgate Supermarket #27; Los
18 | Altos -- Tucson, LLC; Big Rock
Palermo, LLC; Big Rock, LLC,
19 |     Defendants.
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

FILED

MAR 1 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

No. '08 CV 484   H RBB

**Plaintiff's Complaint**

*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

1

## I. SUMMARY

2        1.    This is a civil rights action by plaintiff Barbara Hubbard

3  ("Hubbard") for discrimination at the building, structure, facility, complex,

4  property, land, development, and/or surrounding business complex known as:

5

Northgate Supermarket #27

6  1058 3rd Avenue

7  Chula Vista, CA 91911

8  (hereafter "the Store")

9        2.    Hubbard seeks damages, injunctive and declaratory relief, attorney

10  fees and costs, against Northgate Gonzalez, LLC dba Northgate Supermarket

11  #27; Los Altos -- Tucson, LLC; Big Rock Palermo, LLC; and, Big Rock, LLC

12  (hereafter collectively referred to as "Northgate") pursuant to the Americans with

13  Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California

14  statutes.

15

## II. JURISDICTION

16        3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and

17  1343 for ADA claims.

18        4.    Supplemental jurisdiction for claims brought under parallel

19  California law—arising from the same nucleus of operative facts—is predicated

20  on 28 U.S.C. § 1367.

21        5.    Hubbard's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

22

## III. VENUE

23        6.    All actions complained of herein take place within the jurisdiction

24  of the United States District Court, Southern District of California, and venue is

25  invoked pursuant to 28 U.S.C. § 1391(b), (c).

26

## IV. PARTIES

27        7.    Northgate owns, operates, or leases the Store, and consists of a

28  person (or persons), firm, or corporation.

*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

8.    Hubbard has multiple conditions that affect one or more major life functions. She requires the use of motorized wheelchair and a mobility-equipped vehicle, when traveling about in public. Consequently, Hubbard is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.    The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Hubbard visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Hubbard, the barriers at the Northgate included, but are not limited to, the following:

- The signage at the van accessible parking stall is not correct;
- The disabled parking space(s) has a slope greater than 2.0%;
- There are no detectable warnings where the accessible path crosses into the vehicular way;
- The scales in the produce department are too high and out of reach;
- The plastic bag dispenser is the produce department is mounted too high and out of reach;
- There is no disabled seating in any of the food service areas;
- There is no seating designated as being accessible to the disabled in any of the food service areas;
- There are no check out stands with signage indicating that it shall remain open at all times for persons with disabilities;
- The checkstand marked as accessible with an International Symbol of Accessibility is closed and/or blocked with merchandise;
- The stall door is not self-closing;

*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

- There is no handle mounted below the lock on the interior of the stall door;
- The side grab bar is not mounted 12 inches from the back wall;
- The disposable seat cover dispenser is mounted at more than 40 inches from the floor;
- The toilet tissue dispenser protrudes into the clear maneuvering space needed to access the water closet;
- The toilet tissue dispenser is an obstruction to the use of the side grab bar;
- The toilet tissue dispenser's leading edge is more than 36 inches from the back wall;
- The lavatory controls require too much force to operate;
- The pipes underneath the lavatory are not properly wrapped;
- The operable parts of the soap dispensers are mounted at more than 40 inches from the floor;
- The operable part of the hand dryer is mounted at more than 40 inches from the floor;
- There is insufficient strike side clearance on the pull side of the restroom door; and,
- The drinking fountains are located inside an alcove and therefore do not have sufficient clear floor space in order to access them.

These barriers prevented Hubbard from enjoying full and equal access.

11.    Hubbard was also deterred from visiting the Store because she knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12.    Hubbard also encountered barriers at the Store, which violate state and federal law, but were unrelated to her disability. Nothing within this

*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

Page 4

1    Complaint, however, should be construed as an allegation that Hubbard is

2    seeking to remove barriers unrelated to her disability.

3        13.    Northgate knew that these elements and areas of the Store were

4    inaccessible, violate state and federal law, and interfere with (or deny) access to

5    the physically disabled.   Moreover, Northgate has the financial resources to

6    remove these barriers from the Store (without much difficulty or expense), and

7    make the facility accessible to the physically disabled.   To date, however,

8    Northgate refuses to either remove those barriers or seek an unreasonable

9    hardship exemption to excuse non-compliance.

10       14.    At all relevant times, Northgate has possessed and enjoyed

11   sufficient control and authority to modify the Store to remove impediments to

12   wheelchair access and to comply with the Americans with Disabilities Act

13   Accessibility Guidelines and Title 24 regulations.   Northgate has not removed

14   such impediments and has not modified the Store to conform to accessibility

15   standards.   Northgate has intentionally maintained the Store in its current

16   condition and has intentionally refrained from altering the Store so that it

17   complies with the accessibility standards.

18       15.    Hubbard further alleges that the (continued) presence of barriers at

19   the Store is so obvious as to establish Northgate's discriminatory intent.[1]   On

20   information and belief, Hubbard avers that evidence of this discriminatory intent

21   includes Northgate's refusal to adhere to relevant building standards; disregard

22   for the building plans and permits issued for the Store; conscientious decision to

23   the architectural layout (as it currently exists) at the Store; decision not to

24   remove barriers from the Store; and allowance that the Store continues to exist in

25   its non-compliant state.  Hubbard further alleges, on information and belief, that

26   Northgate is not in the midst of a remodel, and that the barriers present at the

27

28

---

[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

Page 5

1    Store are not isolated (or temporary) interruptions in access due to maintenance
2    or repairs.[2]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

6        16.    Hubbard incorporates the allegations contained in paragraphs 1
7    through 15 for this claim.

8        17.    Title III of the ADA holds as a "general rule" that no individual
9    shall be discriminated against on the basis of disability in the full and equal
10   enjoyment (or use) of goods, services, facilities, privileges, and accommodations
11   offered by any person who owns, operates, or leases a place of public
12   accommodation. 42 U.S.C. § 12182(a).

13       18.    Northgate discriminated against Hubbard by denying "full and equal
14   enjoyment" and use of the goods, services, facilities, privileges or
15   accommodations of the Store during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

17       19.    The ADA specifically prohibits failing to remove architectural
18   barriers, which are structural in nature, in existing facilities where such removal
19   is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily
20   achievable" is defined as "easily accomplishable and able to be carried out
21   without much difficulty or expense." Id. § 12181(9).

22       20.    When an entity can demonstrate that removal of a barrier is not
23   readily achievable, a failure to make goods, services, facilities, or
24   accommodations available through alternative methods is also specifically
25   prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

26

27

28

---

[2]   Id.; 28 C.F.R. § 36.211(b)

*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

21.    Here, Hubbard alleges that Northgate can easily remove the architectural barriers at the Store without much difficulty or expense, and that Northgate violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.    In the alternative, if it was not "readily achievable" for Northgate to remove the Store's barriers, then Northgate violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23.    On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.    Here, Northgate violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Hubbard—when it was structurally practical to do so.[3]

### Failure to Make an Altered Facility Accessible

26.    On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

---

[3]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

1  an area that contains a facility's primary function also requires adding making

2  the paths of travel, bathrooms, telephones, and drinking fountains serving that

3  area accessible to the maximum extent feasible. Id.

4      28.  Here, Northgate altered the Store in a manner that violated the ADA

5  and was not readily accessible to the physically disabled public—including

6  Hubbard—to the maximum extent feasible.

7              Failure to Modify Existing Policies and Procedures

8      29.  The ADA also requires reasonable modifications in policies,

9  practices, or procedures, when necessary to afford such goods, services,

10  facilities, or accommodations to individuals with disabilities, unless the entity

11  can demonstrate that making such modifications would fundamentally alter their

12  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13      30.  Here, Northgate violated the ADA by failing to make reasonable

14  modifications in policies, practices, or procedures at the Store, when these

15  modifications were necessary to afford (and would not fundamentally alter the

16  nature of) these goods, services, facilities, or accommodations.

17      31.  Hubbard seeks all relief available under the ADA (i.e., injunctive

18  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

19  U.S.C. § 12205.

20      32.  Hubbard also seeks a finding from this Court (i.e., declaratory

21  relief) that Northgate violated the ADA in order to pursue damages under

22  California's Unruh Civil Rights Act or Disabled Persons Act.

                          VII. SECOND CLAIM

                          **Disabled Persons Act**

25      33.  Hubbard incorporates the allegations contained in paragraphs 1

26  through 30 for this claim.

27      34.  California Civil Code § 54 states, in part, that: Individuals with

28  disabilities have the same right as the general public to the full and free use of

Hubbard v. Northgate Gonzalez, et al.
Plaintiff's Complaint

                              Page 8

1   the streets, sidewalks, walkways, public buildings and facilities, and other public

2   places.

3       35.   California Civil Code § 54.1 also states, in part, that: Individuals

4   with disabilities shall be entitled to full and equal access to accommodations,

5   facilities, telephone facilities, places of public accommodation, and other places

6   to which the general public is invited.

7       36.   Both sections specifically incorporate (by reference) an individual's

8   rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

9       37.   Here, Northgate discriminated against the physically disabled

10  public—including Hubbard—by denying them full and equal access to the Store.

11  Northgate also violated Hubbard's rights under the ADA, and, therefore,

12  infringed upon or violated (or both) Hubbard's rights under the Disabled Persons

13  Act.

14      38.   For each offense of the Disabled Persons Act, Hubbard seeks actual

15  damages (both general and special damages), statutory minimum damages of one

16  thousand dollars ($1,000), declaratory relief, and any other remedy available

17  under California Civil Code § 54.3.

18      39.   She also seeks to enjoin Northgate from violating the Disabled

19  Persons Act (and ADA) under California Civil Code § 55, and to recover

20  reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and

21  55.

22                      VIII. THIRD CLAIM

23                     **Unruh Civil Rights Act**

24      40.   Hubbard incorporates the allegations contained in paragraphs 1

25  through 39 for this claim.

26      41.   California Civil Code § 51 states, in part, that: All persons within

27  the jurisdiction of this state are entitled to the full and equal accommodations,

28

*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

                        Page 9

1  advantages, facilities, privileges, or services in all business establishments of
2  every kind whatsoever.

3      42.    California Civil Code § 51.5 also states, in part, that: No business
4  establishment of any kind whatsoever shall discriminate against any person in
5  this state because of the disability of the person.

6      43.    California Civil Code § 51(f) specifically incorporates (by
7  reference) an individual's rights under the ADA into the Unruh Act.

8      44.    Northgate's aforementioned acts and omissions denied the
9  physically disabled public—including Hubbard—full and equal
10 accommodations, advantages, facilities, privileges and services in a business
11 establishment (because of their physical disability).

12     45.    These acts and omissions (including the ones that violate the ADA)
13 denied, aided or incited a denial, or discriminated against Hubbard by violating
14 the Unruh Act.

15     46.    Hubbard was damaged by Northgate's wrongful conduct, and seeks
16 statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

17     47.    Hubbard also seeks to enjoin Northgate from violating the Unruh
18 Act (and ADA), and recover reasonable attorneys' fees and costs incurred under
19 California Civil Code § 52(a).

20                   IX. FOURTH CLAIM

21         **Denial of Full and Equal Access to Public Facilities**

22     48.    Hubbard incorporates the allegations contained in paragraphs 1
23 through 47 for this claim.

24     49.    Health and Safety Code § 19955(a) states, in part, that: California
25 public accommodations or facilities (built with private funds) shall adhere to the
26 provisions of Government Code § 4450.

27

28

*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

1    50.    Health and Safety Code § 19959 states, in part, that: Every existing

2    (non-exempt) public accommodation constructed prior to July 1, 1970, which is

3    altered or structurally repaired, is required to comply with this chapter.

4    51.    Hubbard alleges the Store is a public accommodation constructed,

5    altered, or repaired in a manner that violates Part 5.5 of the Health and Safety

6    Code or Government Code § 4450 (or both), and that the Store was not exempt

7    under Health and Safety Code § 19956.

8    52.    Northgate's non-compliance with these requirements at the Store

9    aggrieved (or potentially aggrieved) Hubbard and other persons with physical

10   disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant

11   to Health and Safety Code § 19953.

12                          X. PRAYER FOR RELIEF

13   WHEREFORE, Hubbard prays judgment against Northgate for:

14   1.    Injunctive relief, preventive relief, or any other relief the Court deems

15   proper.

16   2.    Declaratory relief that Northgate violated the ADA for the purposes of

17   Unruh Act or Disabled Persons Act damages.

18   3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the

19   California Civil Code (but not both) according to proof.

20   4.    Attorneys' fees, litigation expenses, and costs of suit.[4]

21   5.    Interest at the legal rate from the date of the filing of this action.

22

23   DATED: March 13, 2008          DISABLED ADVOCACY GROUP, APLC

24

25   

26   LYNN HUBBARD, III
     Attorney for Plaintiff Barbara Hubbard

27

28

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Hubbard v. Northgate Gonzalez, et al.*
Plaintiff's Complaint

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148816     – KD**

**March 17, 2008
11:18:55**

**Civ Fil Non-Pris**
USAO #.: 08CV0484-H
Judge..: MARILYN L HUFF
Amount.:
Check#.: BC 20602                    $350.00 CK

**Total–>   $350.00**

FROM: CIVIL FILING
        HUBBARD V. NORTHGATE GONZALEZ
        ET AL


JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**           Example:          U.S. Civil Statute: 47 USC 553
                                                        Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.